IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON WAYNE HACHMEISTER,

           **Petitioner,**

v.                                                   CASE NO. 25-3111-JWL

THOMAS WILLIAMS,

           **Respondent.**

## MEMORANDUM AND ORDER

This matter is a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Jason Wayne Hachmeister. After conducting the required preliminary review of the petition, the Court ordered Respondent to file a limited pre-answer response (PAR) addressing the timeliness of this matter. (Doc. 5.) Respondent has now filed the PAR and argues therein that this matter must be dismissed as untimely filed. (Doc. 13.)

Petitioner will be granted time in which to submit a reply to the PAR before the Court determines whether this matter will be dismissed as time-barred. Petitioner should limit his reply to the PAR to the question of timeliness. The PAR acknowledges that the federal habeas statute of limitations was tolled during Petitioner's K.S.A. 60-1507 proceeding. (Doc. 13, p. 4.) Petitioner may choose to argue that he is entitled to additional statutory tolling that renders his federal habeas petition timely filed. *See* 28 U.S.C. § 2244(d)(2) ("The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."). In other words, Petitioner may in his reply identify to this Court any additional legal proceedings that would have tolled the federal habeas statute of limitations.

1

Petitioner also may choose to argue that he is entitled to equitable tolling of the statute of limitations. Equitable tolling is available "in rare and exceptional circumstances," *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted), "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his control," *Marsh v. Soares*, 223 F.3d 127, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 232 F.3d at 808 (internal citations omitted). If Petitioner chooses to argue that he is entitled to equitable tolling, he must assert specific facts that support the conclusion that extraordinary circumstances beyond his control prevented him from timely filing this federal habeas petition. He must also show that he was diligently pursuing his claims during the time he wishes this Court to equitably toll the federal habeas statute of limitations.

Petitioner also may choose to argue that his failure to timely file this matter should be excused because the failure to consider his claims will result in a fundamental miscarriage of justice because he is actually innocent. This exception to the statute of limitations is often referred to as "the actual innocence exception" or "the actual innocence gateway" because "actual innocence 'serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or . . . expiration of the statute of limitations.'" *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021) (quoting *McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013)). In this context, "[a]ctual innocence means 'factual innocence not mere legal insufficiency.'" *O'Bryant v. Oklahoma*, 568 Fed. Appx. 632, 637 (10th Cir. 2014) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). This is because the actual innocence exception exists to provide an avenue to

remedy "the conviction of one who is actually innocent." *Bousley*, 523 U.S. at 623-24.

To benefit from the actual innocence exception to the federal habeas statute of limitations, Petitioner is not required to conclusively exonerate himself. *See Fontenot*, 4 F.4th at 1030. Rather, he must present to this Court "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327). "[T]enable actual-innocence gateway pleas are rare, arising only in an extraordinary case." *Fontenot*, 4 F.4th at 1031. "An actual innocence claim must be based on more than the petitioner's speculations and conjectures." *Taylor v. Powell*, 7 F.4th 920, 927 (10th Cir. 2021).

**IT IS THEREFORE ORDERED THAT** Petitioner is granted to and including **October 24, 2025**, in which to file a written reply to the Pre-Answer Response if he wishes to do so. Upon receipt of the reply or expiration of this deadline, the Court will determine whether this matter should be dismissed as untimely filed and will issue further orders as necessary.

**IT IS SO ORDERED.**

DATED:   This 19th day of September, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge