Ref. Case #

25-cv-03111-JWL

The following pages are a discussion/exhibit about how the district court did not issue a final decision that disposed of all issues on the merits, meaning its order did not end the cause of action, and was not a final, appealable order. As a result, my 2254 is timely.

Jason Hachmeister
EDCF-108952
P.O. Box 311
El Dorado, Ks 67042

Exhibit For Case # 25-cv-03111-JWL

For Motion Regarding Timeliness And Exhaustion

In this Exhibit I will discuss in more detail the fact that the district court did not issue a final decision that disposed of all issues on the merits, meaning its order (Exhibit X) did not end the cause of action, and was not a final, appealable order. Also, because the order adjudicated fewer than all the claims raised, and did not contain an express determination that there was no just reason for delay and did not contain a 60-254(b) certification, its decision is not a final, appealable order.

Until the district court issues an order adjudicating all the claims, the action continues

Fourth Amendment Claims

Each Fourth Amendment claim is seperate and entirely different from the other Fourth Amendment claims, and each Fourth Amendment claim has to be examined on its own, with findings of facts and conclusions of law for each individual Fourth Amendment claim. Each Fourth Amendment claim is seperate and distinct from each other.

In Exhibit W (Memorandum In Support of 60-1507 paperwork) I clearly laid out multiple Fourth Amendment claims that are different from the others (including different Federal cases for each Fourth Amendment claim), and I clearly said my attorneys were ineffective for not

filing a Motion To Suppress for each Fourth Amendment claim

→ #1 In Exhibit W (Page 5-17) I argued the search warrants did not mention a crime anywhere in the warrants, and the warrants authorized the search and seizure of 'evidence, fruits or instrumentalities of a crime,' meaning any crime. These same issues were also raised in Exhibit U Pages 4-5 (1a) and Pages 8-9 (1e). I also argued my attorneys were ineffective for not filing Motion To Suppress on each of the issues

→ #2 In Exhibit W (Page 18-23) I argued Det. Gifford performed an illegal search (pursuant to Exhibit D which was a general warrant with no limits) and Det. Gifford could not explain how he found it, saying "I'm not sure I can explain that without saying something I shouldn't." I also argued my attorneys were ineffective for not filing Motion To Suppress on this issue. I also argued this same issue in Exhibit U Page 7 (1c)

→ #3 In Exhibit W (Page 27-32) I argued my Gateway laptop was illegally seized after they illegally searched my zippered-shut leather shoulder bag in which the Gateway laptop was located. This same issue was raised in Exhibit U Page 5-6 (1b). I also argued ineffective assistance for my attorneys not filing a Motion To Suppress based on this issue.

→ #4 In Exhibit W (Page 36-37) I argued ineffective assistance of counsel where my attorney, Napoleon Crews, challenged the wrong warrant that was not even for the right computer (it was for a Lenovo), even though I repeatedly told him it was not the right warrant. I also argued this same issue in Exhibit U Page 8 (1d)

## Brady Violation Claim

→ In Exhibit W (Page 41-46) I argued a Brady violation by the State not giving my attorneys (or myself) material evidence (the search warrants used to seize and then search my Gateway laptop - Exhibits B and D) which is the reason why my attorney were not able to timely file a Motion To Suppress for the correct warrants and ensuing search of Gateway. Both of the warrants (and their affidavits) were intentionally withheld by the State in order to get a tactical advantage. I also raised this issue in Exhibit U Page 9-12 (Section 2)

## Self-Representation And Chappas' Conflict Of Interest

→ In Exhibit W (Page 48-51), I argued I was denied to right to represent myself, and that my attorney James Chappas had a conflict of interest when he directly argued against my motion to fire him and represent myself. I also raised this issue in Exhibit U Page 12-16 (Section 3). So the district made me (who it concluded was incompetent) argue my own motion to represent myself.

In its order (Exhibit X) the district court says my petition fell into 2 categories (1) evidence discovered pursuant to search warrants should have been suppressed; and (2) trial counsel was ineffective. Just looking at Exhibit W shows I clearly argued more than that, as the 2 claims on this page attest to (Brady violation, Self-Representation and Conflict of Interest). Furthermore, the district court says things that I simply did not say

→ (1) The order says I argued officers were only

authorized to search for terms related to the murder investigation. This is false.

At no point did I say officers were only authorized to search for terms related to the murder investigation. I clearly said the warrants did not mention any crime, and that warrants authorized the search and seizure of 'evidence, fruits or instrumentalities of a crime,' meaning any crime (i.e., it was a general warrant)

At no point did I concede officers stopped their search and obtained a new warrant based on the information found on the Gateway laptop. I said that only after TPD searched pursuant to a warrant that had zero limitations (and whose Affidavits were not incorporated into, not attached to, and were sealed - see Exhibits J and K), and only then, did they ask for a search warrant in Jan. 2012. Also, if you look at the top of Exhibit D (the Gateway laptop warrant) you will see that Det. Gifford wrote "seized pictures + internet searches." So if, as Det. Gifford himself wrote, the Gateway laptop warrant (Exhibit D) was used to "seize[] pictures + internet searches," this means he "seized pictures + internet searches" before obtaining the search warrant in Jan. 2012, and that warrant (Jan. 2012) was only used to try and justify the pictures and internet searches that Exhibit D shows were already seized. Furthermore, Det Gifford was asked how he supposedly found these things when he was only supposed to be looking for homicide/murder terms (using a filter) and Det Gifford said "I'm not sure I can explain that without saying something I shouldn't." (see Exhibit R)

→ (2) This was not one Fourth Amendment claim lumped together. I clearly argued multiple Fourth Amendment claims that are separate and entirely different from the other Fourth Amendment claims, and each Fourth Amendment claim has to be

examined on its own, with findings of facts and conclusions of law for each individual Fourth Amendment claim. I also argued my attorneys were ineffective for not arguing each individual Fourth Amendment claim. I did not just argue the clear unconstitutionality of the search warrants. I argued (1) the search warrants did not mention any crime at all, that (2) the search warrants authorized the search and seizure for "evidence, fruits or instrumentalities of a crime," meaning any crime, and that the Gateway laptop warrant (Exhibit D) had language that said that "any and all digital evidence including but not limited to..." could be seized, that (3) Gifford performed an illegal search and when asked how he "found" evidence he said "I'm not sure I can explain that without saying something I shouldn't", I argued (4) my computer was illegally seized because police illegally searched my zippered-shut leather shoulder bag which is where the Gateway laptop was seized from. I argued my attorneys were ineffective for not arguing and filing a Motion To Suppress for each individual Fourth Amendment claim. I also argued my attorneys were ineffective for challenging the wrong warrant, even though I repeatedly told them they did not have the correct warrant (Exhibit B and D) yet.

→ (3) I clearly argued a Brady violation by the State when they purposefully withheld material evidence necessary to properly argue the suppression issue (Exhibits B and D - the search warrant used to seize and then search the Gateway laptop), even after multiple requests by myself and by my attorneys.

→ (4) I clearly argued I was denied the right to represent myself, and I had a conflict of interest with Chappas when he directly argued against my motion to fire him and represent myself.

At no point in its order did the court address the fact that the warrants did not specify any crime at all. At no point in its order did the court address the fact that the warrants (Exhibits B and D) authorized the search and seizure of 'evidence, fruits or instrumentalities of a crime,' meaning any crime, and that Exhibit D was for "any and all digital evidence including but not limited to...." The affidavits were not incorporated into, not attached to the warrants (see Exhibits J and K), but rather the affidavits were sealed and cannot be used to cure the facial invalidity of the warrants.

Instead the court referenced Franks v. Delaware. Franks has nothing to do with general warrants. It does not matter if there is probable cause (which was obtained with unconstitutional searches and seizures, and any mention of these unconstitutional searches and seizures was materially omitted when present in the affidavits). The warrants (whose affidavits were sealed, not incorporated into, and not attached to—see Exhibits J and K) were still general warrants.

Franks has nothing to do with warrants that do not specify a crime. Franks has nothing to do with warrants that allow the search and seizure of 'evidence, fruits or instrumentalities of a crime,' meaning any crime, and whose affidavits are sealed, not incorporated into, and not attached to the warrants. By not referencing any particular crime, and by authorizing the search and seizure of 'evidence, fruits or instrumentalities of a crime,' meaning any crime, the warrants were so facially overbroad that no objectively reasonable officer could rely on them.

In fact, Cassady v. Goering, 567 F.3d 628, Footnote 10 (10th Cir. 2009) said "If the warrant had listed all the items possibly subject to search and seizure under the catchall phrase, the 162-word description of narcotics and associated contraband would seem "minor" in comparision." My case is

the same thing. The items subject to search and seizure were under the catchall phrase "evidence, fruits or instrumentalities of a crime," meaning any crime. Lastly, the Gateway laptop warrant (Exhibit D) was for "any and all digital evidence including but not limited to...."

At no point did Judge Wilson address the fact that Det. Gifford performed an illegal search, and that when asked how he "found" evidence he said "I'm not sure I can explain that without saying something I shouldn't." (Exhibit R). Franks has nothing to do with Gifford's illegal search, and his inability to explain how he "found" evidence.

At no point did Judge Wilson address the fact that my Gateway laptop was illegally seized after TPD illegally searched my zippered-shut leather bag without a warrant. Franks has nothing to do with the illegal opening of my zippered-shut leather shoulder bag, or the subsequent seizure of the Gateway laptop, or the subsequent search of the Gateway laptop.

At no point did the court address the fact that my attorneys did not preserve the actual warrants involved (Exhibits B and D), but instead argued the wrong warrant (where a Lenovo, not the Gateway laptop, was seized) after I repeatedly told them we had not gotten the correct warrants yet.

At no point did the court address the Brady violation argument where the State deliberately withheld material warrants (Exhibits B and D) even after numerous requests from myself and my attorneys.

At no point did the court address the fact that I argued I was denied the right to represent myself, and that I had a conflict of interest with my attorney James Chappas when he directly argued against my motion to fire him and represent myself.

Also, because the district court raised the Franks issue

in its non-final, unappealable order, that then is why I addressed it in my 2254 where I discussed probable cause, and the fact the affidavit contained information from the unconstitutional searches and seizures, and the affiant materially omitted how the information in the affidavits was obtained. The district court's non-final, unappealable order opened the door on this issue.

Because the district court has not addressed each specific Fourth Amendment claim, much less make findings of facts and conclusions of law on each specific Fourth Amendment claim (even after I have asked them to do multiple times now), or my attorney's ineffectiveness on each of the specific Fourth Amendment claims, its order is non-final, and therefore unappealable.

Because the district court has totally failed to even attempt to address my Brady violation claim, nor made findings of facts and conclusions of law on the Brady violation, its order is non-final, and therefore unappealable.

Because the district court has not addressed my right to self-representation, and my attorneys conflict of interest when he (Chappas) directly argued against my motion to fire him and represent myself, its order is non-final, and therefore unappealable.

Because the district court did not issue a final decision that disposed of all issues on the merits, its order did not end the cause of action, and was not a final, appealable order. Also, because the order adjudicated fewer than all the claims raised, and did not contain an express determination that there was no just reason for delay and did not contain a 60-254(b) certification, it is not a final, appealable order.

Until the district court issues an order adjudicating

all the claims, the action continues and the district court retains jurisdiction to revise its prior order. So far the district court has refused to do so for multiple years now.

At no point was I ever told that the Memorandum sent on Dec. 31, 2018 was filed by mistake. This was not known by me until 2021 (5/18/2021) when I was sent an ROA (see the included exhibit sent with this motion - Exhibit #1). I have sent another exhibit (Exhibit #2) that shows on 1/18/2019 I wrote to the district court regarding "Denial of 60-1507," this was because of what I was sent on 12/31/2018 (Exhibit #1). This Memorandum from 12/31/2018 was pretty much, if not totally, verbatim of the Memorandum that was from 3/21/2019, which I did not receive until I wrote to the district court on 8/26/2019 asking for an ROA because I had not heard anything about the status of the Motion To Reconsider. This is shown at Exhibit K, #1 of the Exhibits originally sent in support of this 2254 petition.

Exhibit #2, on 1/25/2019 shows my Motion To Reconsider where I told the district court they did not address all issues (in the Memorandum I was sent "by mistake"), and which they did not address in the Memorandum from 3/21/2019, nor have they addressed at any time, even after multiple requests to do so.

Respectfully Sent

[signature]

Jason Hachmeister
EDCF - 108952
P.O. Box 311
El Dorado, Ks 67042

Date: 5/18/2021
Time: 09:01 AM
Page 1 of 1

**Shawnee County District Court**

ROA Report

Case: 2012-CR-000471 Current Judge: Richard Anderson

Defendant: Hachmeister, Jason W

User: SNPETIMM

Exhibit #1

State of Kansas vs. Jason W Hachmeister

Felony

| Date | Selected Items | Judge |
|---|---|---|
| 3/20/2019 | Judge's Minutes. The Memorandum Decision and Order [re 60-1507], filed in this case on 12/31/2018, was filed in this case by mistake. It should be disregarded. EZW. | No Judge Assigned |

Date: 8/27/2019
Time: 11:08 AM
Page 1 of 1

Exhibit #2

**Shawnee County District Court**
ROA Report
Case: 2018-CV-000129
Current Judge: Evelyn Wilson

User: SNPETIMM

Jason Wayne Hachmeister #108952 vs. State of Kansas

60-1507

| Date | | Judge |
|---|---|---|
| 1/19/2018 | Letter from Jason Hachmeister to Clerk regarding 60-1507 Motion | Evelyn Wilson |
| | Inmate Account Statement | Evelyn Wilson |
| | Motion for 60-1507, Poverty Affidavit Included (Copy sent to Division 5 and DA) | Evelyn Wilson |
| | Petiton for Injunctive Relief and Writ of Habeas Corpus pursuant to K.S.A. 60-1501 & 60-1507 | Evelyn Wilson |
| 1/22/2018 | Memo from Clerk to Jason Hachmeister regarding Case | Evelyn Wilson |
| 2/14/2018 | Letter from Jason Hachmeister to Clerk regarding Filing of Case | Evelyn Wilson |
| 2/15/2018 | Letter from Clerk to Jason Hachmeister regarding Filing of Case | Evelyn Wilson |
| | Ledger for Filing Fee sent to Kansas Department of Corrections, Copy sent to Jason Hachmeister | Evelyn Wilson |
| 1/18/2019 | Letter from Jason Hachmeister to Clerk to regarding Denial of 60-1507, Order and Pro Se Motion ***Copy of Letter sent to Div 5*** | Evelyn Wilson |
| 1/25/2019 | Letter from Jason Hachmeister to Clerk regarding Motion to Reconsider and Transcript Costs ***Copy sent to Div 5 Court Reporter 1/28/2019*** | Evelyn Wilson |
| | Letter from Jason Hachmeister to Clerk regarding Motion to Reconsider | Evelyn Wilson |
| | Motion to Reconsider | Evelyn Wilson |
| 2/8/2019 | Letter from Jason Hachmeister to Clerk regarding Caselaw, Motion to Reconsider and Case | Evelyn Wilson |
| 3/21/2019 | Memorandum Decision and Order. EZW ORD: Order Originated by Judge | Evelyn Wilson |
| | Civil Case Termination<br>Termination Date: 3/21/2019<br>Termination Type: Settled w/ Judicial Conf or Hearing | Evelyn Wilson |
| | Termination Information | Evelyn Wilson |
| 8/26/2019 | Letter from Jason Hachmeister to clerk regarding copy of ROA and questions about affidavits on criminal cases. Copy to Division 5 and Criminal Department. ROA mailed 8/27/19. | Evelyn Wilson |

[redacted]

Exhibit K pg 1

Jason,
Yes all search
Warrant Affidavits are
Sealed when filed with
Clerks office
- KJr

FILED BY CLERK
KS. DISTRICT COURT
THIRD JUDICIAL DIST.
TOPEKA, KS
2019 AUG 26 A 9 48

Clerk of the Court
Shawnee County Courthouse
200 S.E. 7th, Suite 209

Ref : Case # 18 -CV-129 (the Motion to Reconsider the denial of the 60-1507)

1. I would like to get an R.O.A., because I have not heard anything about the status of the Motion to Reconsider since January.

2. Also, I wondering if you could tell me if the Affidavit for the Sept. 12, 2011 Warrant for the Gateway Computer (case # 12-CR-471, or case # 11-CR-2178) was sealed and attached to the Warrant. I know multiple Affidavits from 11-CR-2178 were sealed and not attached to the Warrants (see the included letter from my attorney about the issue), but that attorney is not the attorney for 12-CR-471 and he did not know about the Affidavit Sept 12, 2011 Gateway. James Chappas told me he did not know and would look into it, but he was not gotten back to me.

Thank You

Sincerely

Jason Hachmeister
#108952 - ECF
P.O. Box 107
Ellsworth, KS 67439

August 21, 2019