## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

**JASON WAYNE HACHMEISTER,**

**Petitioner,**

**v.**                                                          **CASE NO. 25-3111-JWL**

**TOMMY WILLIAMS,**

**Respondent.**

## MEMORANDUM AND ORDER

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Petitioner and Kansas state prisoner Jason Wayne Hachmeister. (Doc. 1.) The operative amended petition was filed on July 25, 2025. (Doc. 10.) This matter comes now before the Court on Respondent's limited Pre-Answer Response ("PAR") regarding the timeliness of this matter and Petitioner's reply to the PAR. (Docs. 13 and 17.) Also before the Court is Petitioner's motion for leave to file excess pages. (Doc. 18.) For the reasons explained below, the Court will grant the motion for leave to file excess pages and will direct Respondent to submit to the Court relevant state-court records required for resolution of the timeliness question in this matter.

### Background

In December 2013, a jury in Shawnee County, Kansas convicted Petitioner of 105 counts of sexual exploitation of a child. (Doc. 10, p. 1.) *See also State v. Hachmeister*, 2015 WL 8175905, *1-2 (Kan. Ct. App. Dec. 4, 2015) (unpublished) (*Hachmeister I*), *Aff'd in part* at 306 Kan. 630 (2017). The Shawnee County District Court sentenced him to a total of 86 months in prison. *Id.* at *2; (Doc. 10, p. 1). Petitioner pursued a direct appeal, but the Kansas Court of Appeals ("KCOA") affirmed his convictions and sentences. *Hachmeister I*, 2015 WL 8175905, at *1. Petitioner filed

a petition for review, which the Kansas Supreme Court ("KSC") granted in part. *See State v. Hachmeister*, 306 Kan. 630, 630 (2017) (*Hachmeister II*). In an opinion issued on June 16, 2017, the KSC affirmed on the two issues on which it had granted review. *Id.* Petitioner advises that he did not file a petition for writ of certiorari in the United States Supreme Court. (Doc. 10, p. 3.)

On January 19, 2018, Petitioner timely filed a motion in Shawnee County District Court seeking habeas relief under K.S.A. 60-1507. *Id.*; *see also* Kansas District Court Public Access Portal, *Hachmeister v. State*, Case No. 2018-CV-000129.[1] On December 31, 2018, the district court issued a memorandum decision and order ("MDO") that summarily denied the motion. Unfortunately, the MDO was filed in the underlying criminal case, not in the 60-1507 case. *See State v. Hachmeister*, Case No. 2012-CR-000471; *see also Hachmeister*, Case No. 2018-CV-000129.

Nevertheless, Petitioner received a copy of the MDO and, on January 25, 2019, he filed in the 60-1507 case a motion to reconsider the denial of relief. *See* Case No. 2018-CV-000129. On February 8, 2019, Petitioner filed a letter in support of his motion to reconsider. *Id.* On March 20, 2019, the Shawnee County District Court entered a minute order in the underlying criminal case acknowledging that the order denying K.S.A. 60-1507 relief had been filed in that case by mistake and should be disregarded. *See* Case. No. 2012-CR-000471. The following day, the Shawnee County District Court entered an MDO in the 60-1507 case, finding that the motion had been timely filed but that the petition, files, and records demonstrated that Petitioner was not entitled to relief under K.S.A. 60-1507. *See* Case No. 2018-CV-000129.

The MDO filed in the 60-1507 case was similar but not identical to the MDO that had been erroneously filed in the criminal case. In any event, the MDO filed in the 60-1507 case

---

[1] When the Court, in this order, cites to the state district court case number, it is citing to Shawnee County District Court records obtained through the Kansas District Court Public Access Portal.

acknowledged neither the previous misfiling in the criminal case nor the motion to reconsider Petitioner had filed. *Id.* It did, however, state: "This Memorandum Decision and Order shall constitute the Court's entry of judgment when filed with the Clerk of this Court. No further journal entry is required." *Id.*

In August 2019, the Shawnee County District Court received from Petitioner a written inquiry about the status of the motion to reconsider. *Id.* The letter also requested an "R.O.A."—or Register of Actions—and information about warrants issued in the underlying criminal case. *Id.* The docket[2] for the 60-1507 case reflects that an R.O.A. was mailed to Petitioner on August 27, 2019. In a letter the state district court received on June 22, 2020, Petitioner requested a copy of the March 2019 MDO, explaining that he was unable to determine whether his motion for 60-1507 relief had been granted or denied because he had never received a copy of the March 2019 MDO. *Id.* The docket for the 60-1507 case reflects that a copy of the MDO was mailed to Petitioner on June 23, 2020. *Id.*

On February 22, 2021, the Shawnee County District Court received from Petitioner a letter stating that he had received the copy of the MDO on June 30, 2020, while he was incarcerated in Arizona. He stated that he sent a Notice of Appeal in early July 2020 but had not heard anything further about the status of his appeal. Petitioner also asserted that the Arizona prison where he had been incarcerated "was known for 'losing' a lot of legal mail for a bunch of the Kansas inmates" incarcerated there and he "personally had multiple letters to [his] attorney in another case that he never received." *Id.* Petitioner requested a copy of the R.O.A., which the state court docket reflects was mailed to him on February 24, 2021 along with a notice informing him that the court had not

---

[2] When the Court refers in this order to the "docket" of a state court case, it means the R.O.A.—the list of actions taken in the case. The Court also has reviewed the contents of document available through the Kansas courts' Public Access Portals, where necessary.

received a notice of appeal related to the 60-1507 case.

On April 5, 2021, the Shawnee County District Court received from Petitioner a document titled "2nd Notice of Appeal." Attached as an exhibit to this document was a copy of the first notice of appeal that Petitioner stated he had mailed on July 9, 2020. *Id.* at p. 21. The first notice of appeal was, by its own language, intended to "appeal[] the district court's order and all adverse rulings," including the order denying his 60-1507 motion and "the denial [of] the timely filed motion to Reconsider the denial of case [number] 2018-CV-000129 . . . ." *Id.* On April 9, 2021, the State filed a motion to dismiss the notice of appeal, arguing that it was untimely filed. Petitioner filed a response to the motion and, on May 14, 2021, the Shawnee County District Court issued an order granting the motion to dismiss the notice of appeal. *Id.*

On September 11, 2023, the Shawnee County District Court received from Petitioner a "Motion For Findings Of Facts And Conclusions Of Law On All Issues Raised In 18-CV-129." *Id.* It does not appear that this motion has been ruled upon.

On June 5, 2025, this Court received from Petitioner the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 that began this case. (Doc. 1.) On June 30, 2025, the Court issued an order directing Respondent to file a PAR limited to addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). (Doc. 5.) Petitioner then filed a "preemptive" and unsolicited "Motion Regarding Timeliness and Exhaustion" that contained arguments regarding timeliness. (Doc. 8.) Shortly thereafter, Petitioner filed the currently operative amended petition for writ of habeas corpus. (Doc. 10.)

Respondent obtained an extension of time for filing the PAR (Docs. 11 and 12) and, on September 19, 2025, he timely filed the PAR. (Doc. 13.) The Court then issued an order granting Petitioner time in which to file a reply to the PAR. (Doc. 14.) Petitioner timely filed his reply on

October 24, 2025. (Doc. 17.) With his reply, he filed a motion for leave to file excess pages in order to submit exhibits in support of his reply. (Docs. 18 and 18-1.)

### Discussion

The Court has reviewed the parties' briefing on timeliness, including Petitioner's "Motion Regarding Timeliness and Exhaustion" (Doc. 8); the timeliness arguments contained in the operative amended petition (Doc. 10, p. 13); Respondent's PAR (Doc. 13); the "exhibit" Petitioner filed that contains supplemental argument on timeliness (Doc. 16); Petitioner's Reply to the PAR (Doc. 17); and the exhibits submitted by Petitioner in support of his reply (Doc. 18-1). The motion for leave to file excess pages will be granted and the Court will direct the clerk to docket the pages currently located at Doc. 18-1 as exhibits in support of the reply to the PAR.

To resolve the question of timeliness, which could be dispositive in this case, the Court requires further information contained in state-court records that are not currently before this Court and are not available through the Kansas courts' Public Access Portals. Therefore, the Court will direct Respondent to submit to this Court for examination the records and transcripts, if available, of the criminal and 60-1507 proceedings relevant to this federal habeas matter. Specifically, Respondent shall provide this Court with the records and transcripts of Shawnee County District Court cases numbered 2012-CR-000471 and 2018-CV-000129.

In addition, Petitioner refers in his operative petition to an original action in mandamus he filed in the Kansas Supreme Court seeking to compel a ruling on pending motions in the 60-1507 case. (*See* Doc. 10, p. 8.) To the extent possible, Respondent is directed to provide the Court with the records of and documents filed in any related original mandamus action Petitioner pursued in the Kansas Supreme Court. After the Court receives the records and transcripts identified above, it will resume examination of whether this matter was timely filed and will issue further orders as

5

necessary. No supplemental briefing on timeliness may be filed at this time.

**IT IS THEREFORE ORDERED THAT** the motion for leave to file excess pages (Doc. 18) is **granted**. The clerk is directed to docket the pages currently located at Doc. 18-1 as exhibits in support of the reply (Doc. 17) to the PAR.

**IT IS FURTHER ORDERED THAT** Respondent is granted to and including **December 8, 2025** in which to cause to be forwarded to this Court for examination and review the records and transcripts, if available, of (1) the criminal proceedings that led to the convictions at issue in this matter; (2) the K.S.A. 60-1507 case in which Petitioner sought to collaterally attack the convictions at issue in this matter; and (3) any original action in mandamus Petitioner filed in the Kansas Supreme Court. Upon receipt and review of these records, the Court will resume its analysis of the timeliness of this matter and will issue further orders as necessary.

**IT IS SO ORDERED.**

DATED:   This 6th day of November, 2025, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge