IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

JASON WAYNE HACHMEISTER

       Petitioner,

  v.                   CASE NO. 25-3111-JWL

THOMAS WILLIAMS,

       Respondent.

## MEMORANDUM AND ORDER

On February 3, 2026, this Court dismissed this federal habeas matter with prejudice because it was untimely filed, declined to issue a certificate of appealability, and entered judgment. (Docs. 24 and 25.) The memorandum and order dismissing the case set forth in detail the relevant history of this case, the parties' arguments on timeliness, and the Court's analysis. (Doc. 24, p. 1-19.) The Court sees no need to repeat that information here. This matter comes now before the Court on Petitioner's motion to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 26.) Petitioner has also filed a motion for leave to file excess pages (Doc. 27), which will be granted. The Court has considered the excess pages contained in Doc. 27.

In the motion to alter or amend, Petitioner argues: "The 2019 MD&O was not a final order. It did not dispose of all claims. Statutory tolling applies." (Doc. 26, p. 1.) He identifies several arguments in his K.S.A. 60-1507 motion that "[t]he [state] district court totally ignored" and he cites Kansas state statutes, Rules of the Kansas Supreme Court, and Kansas case law. *Id.* at 1-5. He asks this Court to alter its judgment to find that no final order was entered in the 60-1507 case, meaning that statutory tolling applies to render the federal habeas petition that began this case timely filed. *Id.* at 5.

Under Federal Rule of Civil Procedure 59(e), the Court may grant a motion to alter or amend a judgment only if the moving party establishes: (1) an intervening change in the controlling law; (2) the availability of new evidence that could not have been obtained previously through the exercise of due diligence; or (3) the need to correct clear error or prevent manifest injustice. *Servants of the Paraclete v. Does*, 294 F.3d 1005, 1012 (10th Cir. 2000). A motion under Rule 59(e) is not to be used to present supporting facts that could have been presented in earlier filings. *Id.* "Rule 59(e) motions are not second or successive [habeas] petitions, but instead a part of a prisoner's first habeas proceeding." *Bannister v. Davis*, 590 U.S. 504, 517 (2020). Nevertheless, when considering a Rule 59(e) motion, "courts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Id.* at 508.

Even liberally construed, the motion to alter or amend the judgment includes only arguments that either were or could have been presented to this Court in the briefing submitted before this matter was dismissed. Thus, they cannot sufficiently support a motion to alter or amend the judgment. *See Bannister*, 590 U.S. at 508. The motion to alter or amend the judgment will be denied and this matter will remain closed.

**IT IS THEREFORE ORDERED** that the motion for leave to file excess pages (**Doc. 27**) is **granted**. The motion to alter or amend the judgment (**Doc. 26**) is **denied.** This matter shall remain closed.

**IT IS SO ORDERED.**

DATED:   This 4th day of March, 2026, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge